UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ROBERT H. AJAMIAN,

                Plaintiff,

            -against-

KINAN NIMEH, J.P. TURNER & COMPANY,
ALI SABETYHADEN,

                Defendants.
----------------------------------------------------------------X

**MEMORANDUM AND ORDER**
17-CV-1491(JMA)(AYS)

JOAN M. AZRACK, District Judge:

      On March 9, 2017, pro se plaintiff Robert H. Ajamian ("plaintiff") has filed another in forma pauperis complaint against Kinan Nimeh ("Nimeh"), as well as J.P. Turner & Co. ("Turner") and Ali Sabetyhaden ("Ali" and collectively, "defendants") purporting to allege claims of securities fraud based on events alleged to have occurred during the period from April 2011 to October 2012.[1] Upon review of plaintiff's request to proceed in forma pauperis, the Court finds that plaintiff is qualified by his financial status to commence this action without prepayment of the filing fee. Accordingly, plaintiff's application to proceed in forma pauperis is granted. However, for the reasons that follow, the complaint is sua sponte dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) (ii) and the Clerk of the Court is directed to mark this case closed.

## **BACKGROUND**[2]

      Like plaintiff's earlier complaints, plaintiff's brief, handwritten complaint is difficult to understand. Although the sparse allegations are difficult to discern, plaintiff describes that

---

[1] Plaintiff has commenced three prior in forma pauperis complaints in this Court alleging securities fraud, each of which was been dismissed. See 14-CV-4093(JS)(GRB) Ajamian v. Nimeh; 15-CV-7442(JMA)(AYS) Ajamian v. Zakurian; and 16-CV-00145(JMA)(AYS) Ajamian v. Nimeh.

[2] The following facts are taken from Plaintiff's complaint and are presumed to be true for the purpose of this Memorandum and Order.

conduct underlying his claims "took place from 4/2011 - 10/2012." (Compl. ¶ III.B.) Plaintiff alleges that "Nimeh was told to invest in C Citigroup when it was $2 a share and to buy $3000 worth of this stock. By Jan. 2012 the stock went to $40 a share." (Id. ¶ III.C.) Nimeh is described to have not purchased those shares and thus plaintiff claims to have been damaged in the amount of "$57,000 in lost income." (Id.) Plaintiff claims that Nimeh was "grossly negligent and deliberately ignored me" and acted with "scienter" and "malice with criminal fraudulent intent." (Id.) Plaintiff further claims that the shares he had asked Nimeh to purchase "today would be worth $100,000." (Id. ¶ V.) As a result of the foregoing, plaintiff brings claims pursuant to 28 U.S.C. § 1254(i) and Section 27 of the Securities Exchange Act of 1934, 15 U.S.C. § 78(a) for unspecified relief. (Id. ¶ II.B.)

## DISCUSSION

### I. Standard of Review

Pursuant to the in forma pauperis statute, 28 U.S.C. §1915, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss the action as soon as it makes such a determination.

Pro se submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). In addition, the court is required to read the plaintiff's pro se complaint liberally and interpret it as raising the strongest arguments it suggests. United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that pro se complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); cf. Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a pro se plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

## II. Pleading Requirements of Rules 8 and 9 of the Federal Rules of Civil Procedure

As the Court has made clear to plaintiff in its prior orders in his earlier cases, (see the April 19, 2016 Memorandum and Order in 16-CV-00145 and 15-CV-7442), Rule 8 of the Federal Rules of Civil Procedure requires that a pleading contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8's pleading requirements are intended to give the defendant "fair notice of what the claim is and the grounds upon which it rests." Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 346 (2005) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957), overruled in part on other grounds by Twombly, 550 U.S. 544). A "plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.

. . . Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (internal quotation marks and citations omitted).

Because plaintiff's complaint involves allegations sounding in fraud, the pleading requirements set forth in Federal Rule of Civil Procedure 9(b) must also be met. When a complaint alleges fraud, "Rule 9(b) requires that allegations of fraud be pleaded with particularity." Harsco Corp. v. Segui, 91 F.3d 337, 347 (2d Cir. 1996); see also Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."). This means that a complaint "must (1) detail the statements (or omissions) that the plaintiff contends are fraudulent; (2) identify the speaker; (3) state where and when the statements (or omissions) were made; and (4) explain why the statements (or omissions) are fraudulent." Segui, 91 F.3d at 347; see also Lerner v. Fleet Bank, N.A., 459 F.3d 273, 290 (2d Cir. 2006).

Rule 8's general pleading requirement and Rule 9(b)'s particularity requirement must be read together. Ouaknine v. MacFarlane, 897 F.2d 75, 79 (2d Cir. 1990) (stating that "Rule 9(b) . . . must be read together with Rule 8(a) which requires only a 'short and plain statement' of the claims for relief"); Credit & Fin. Corp. v. Warner & Swasey Co., 638 F.2d 563, 566 (2d Cir. 1981) (same). These two rules have been read together to mean that a plaintiff need not plead evidentiary details. See, e.g., In re Scholastic Corp. Sec. Litig., 252 F.3d 63, 72 (2d. Cir. 2001). However, "[t]o pass muster under rule 9(b), the complaint must allege the time, place, speaker, and sometimes even the content of the alleged misrepresentation." Ouaknine, 897 F.2d at 79 (citing DiVittorio v. Equidyne Extractive Indus., Inc., 822 F.2d 1242, 1247 (2d Cir. 1987) (additional citation omitted). Although scienter need not be alleged with great specificity, Beck v.

4

Manufacturers Hanover Trust Co., 820 F.2d 46, 50 (2d Cir.1987), there must be some factual allegations in support of intent.

This pleading standard applies even to pro se litigants. While the special leniency afforded to pro se litigants somewhat loosens the procedural rules governing the form of pleadings, it does not completely relieve a pro se plaintiff of the duty to satisfy the pleading standards set forth in Federal Rules of Civil Procedure 8 and 9. See Vega v. Artus, 610 F. Supp. 2d 185, 196 & n. 8-9 (N.D.N.Y. 2009) (citing Second Circuit cases); Wilson v. Dalene, 699 F. Supp. 2d 534 (E.D.N.Y. 2010) (dismissing pro se plaintiff's securities fraud claims for failure to comply with Federal Rule of Civil Procedure 9's requirements).

Here, as is readily apparent, plaintiff's complaint fails to conform with the requirements of Rules 8 and 9. Like plaintiff's earlier complaints, the present complaint does not include any allegations against the other named defendants, Turner and Ali, in the body of the complaint and the sparse allegations against Nimeh fail to attribute any specific prohibited act to him, much less any particularized allegations of unlawful conduct. Accordingly, plaintiff has failed to allege a plausible claim for relief.

### III.     Prior Litigation and the Statute of Limitations

The Court's research has uncovered a similar lawsuit brought by plaintiff in the Northern District of New York, assigned docket number 14-CV-00320, against Nimeh ("Nimeh II"). See Ajamian v. Nimeh, 14-CV-320, 2014 WL 6078425 (N.D.N.Y. Nov. 13, 2014). In that case, the Court described that plaintiff's complaint was "an exact copy" of a complaint plaintiff had filed in the United States District Court for the District of Columbia on June 10, 2014, which was then transferred to the Eastern District of New York and assigned docket number 14-CV-4093 ("Nimeh I"). Finding that claims in Nimeh II were precluded under the doctrine of res judicata, the

Northern District dismissed the action. See Ajamian, 2014 WL 6078425, at *2.

### A. *Res Judicata* and Collateral Estoppel

Notwithstanding the liberal pleading standard afforded pro se litigants, there are limits to how often a court can be asked to review the same allegations against the same parties or their privies. The doctrines of res judicata and collateral estoppel provide that limitation. See, e.g., Salahuddin v. Jones, 992 F.2d 447, 449 (2d Cir. 1993) (res judicata); Johnson v. Watkins, 101 F.3d 792, 794-95 (2d Cir. 1996) (collateral estoppel).

Res judicata, or claim preclusion, provides that "'[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" St. Pierre v. Dyer, 208 F.3d 394, 399 (2d Cir. 2000) (quoting Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981)); see also EDP Med. Computer Sys. v. United States, 480 F.3d 621, 624 (2d Cir. 2007). A district court has not only the power but the obligation to dismiss complaints sua sponte on res judicata grounds when the litigation history triggers it. Salahuddin, 992 F.2d at 449.

Similarly, "'collateral estoppel, like the related doctrine of res judicata, has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation.'" Brandstetter v. Bally Gaming, Inc., No. 11-CV-2594(JFB)(GRB), 2012 WL 4103917, *3 (E.D.N.Y. Sept. 18, 2012) (quoting Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 (1979)). Additionally, a district court may raise the issues of res judicata and collateral estoppel sua sponte, Doe v. Pfrommer, 148 F.3d 73, 80 (2d Cir. 1998); Pino v. Ryan, 49 F.3d 51, 54 (2d Cir. 1995) ("Nothing . . . suggests that an affirmative defense appearing on the face of a complaint may not be the basis for a sua sponte dismissal under section 1915(d) [section 1915(e) as amended] prior to service of the

complaint."); accord Pratts v. Coombe, 59 F. App'x 392, 393 (2d Cir. 2003), and the doctrines of res judicata and collateral estoppel apply to pro se litigants. Austin v. Downs, Rachlin, & Martin Burlington St. Johnsbury, 270 F. App'x 52 (2d Cir. 2008); Cieszkowska v. Gray Line N.Y., 295 F.3d 204, 205-06 (2d Cir. 2002) (affirming district court's res judicata dismissal of an in forma pauperis action previously dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii)).

Here, as is readily apparent, plaintiff's claims against Nimeh are substantially similar to those alleged in Nimeh I and II and arise out of the same nucleus of facts. However, plaintiff's claims against Nimeh were dismissed without prejudice in each of these earlier cases. Ajamian v. Nimeh, 14-CV-4093 at Docket Entry No. 10 and Electronic Order dated Dec. 31, 2014; Ajamian, 2014 WL 6078425, at *2. Given that plaintiff withdrew his complaint without prejudice in Nimeh I, there was no final decision on the merits and thus no preclusive effect. However, because the instant complaint fails to allege a plausible claim for the reasons set forth above, see supra at 3-4, together with the fact that the conduct of which plaintiff complains is alleged to have occurred between April 2011 and October 2012, the applicable statute of limitations likely bars plaintiff's claims.[3] Thus, plaintiff has not alleged a plausible claim for relief. Walters v. Indus. & Commercial Bank of China, Ltd., 651 F.3d 280, 293 (2d Cir. 2011) ("[D]istrict courts may dismiss an action sua sponte on limitations grounds in certain circumstances where the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted.") (internal quotation marks and citation omitted).

---

[3] Ajamian v. Zakarian, 14-CV-321, 2014 WL 4247784 (N.D.N.Y. Aug. 26, 2014) ("The current limitations period for a securities fraud claim is the earlier of two years from discovery of facts underlying the violation or within five years of the violation.") (citing 28 U.S.C. § 1658(b) (repealing the former statute of limitations found in the Securities and Exchange Act of 1934, 15 U.S.C. § 78i(e)).

Accordingly, the complaint is dismissed with prejudice 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of the Court is directed to enter judgment and close this case.

IV. **Litigation Injunction**

Under the All Writs Act, a federal court "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The All Writs Act "grants district courts the power, under certain circumstances, to enjoin parties from filing further lawsuits." MLE Realty Assocs. v. Handler, 192 F.3d 259, 261 (2d Cir. 1999). Those circumstances include cases where a litigant engages in the filing of repetitive and frivolous suits. See Malley v. N.Y. City Bd. of Educ., 112 F.3d 69 (2d Cir. 1997) (per curiam) (filing injunction may issue if numerous complaints filed are based on the same events). Such an injunction, while protecting the courts and parties from frivolous litigation, should be narrowly tailored so as to preserve the right of access to the courts. In addition, the Court must provide plaintiff with notice and an opportunity to be heard before imposing a filing injunction. Moates v. Barkley, 147 F.3d 207, 208 (2d Cir. 1998) (per curiam).

Here, plaintiff has filed at least three previous in forma pauperis pro se complaints in the United States District Court for the Eastern District of New York relating to securities fraud occurring prior to 2012. In addition, plaintiff has filed at least one pro se complaint in the United States District Court for the Northern District of New York relating to securities fraud against Nimeh. Ajamian v. Nimeh, No. 1:14-CV-0320, 2014 WL 6078425 (N.D.N.Y. Nov. 13, 2014). Plaintiff's instant action, together with these other cases suggest that plaintiff may file a new action concerning securities fraud alleged to have occurred prior to 2012.

The Court has an "obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless

8

expense to other parties and an unnecessary burden on the courts and their supporting personnel." Lau v. Meddaugh, 229 F. 3d 121, 123 (2d Cir. 2000) (internal quotation marks, citations, and alteration omitted). The Court is especially cognizant of plaintiff's pro se status and has considered his complaint in as positive light as possible. Nonetheless, the Court now warns plaintiff that similar, future complaints will not be tolerated. Given plaintiff's litigation history, the Court cautions plaintiff that, should he file another complaint relating to securities fraud alleged to have occurred prior to 2012, the Court will order plaintiff to show cause why a litigation bar should not be entered.

Finally, plaintiff is cautioned that Rule 11 of the Federal Rule of Civil Procedure applies to pro se litigants, see Maduakolam v. Columbia Univ., 866 F.2d 53, 56 (2d Cir. 1989) ("Rule 11 applies both to represented and pro se litigants . . ."), and should he file another action relating to securities fraud alleged to have occurred prior to 2012, it is within the Court's authority to consider imposing sanctions upon him. See FED. R. CIV. P. 11; In re Martin-Trigona, 737 F.2d 1254, 1262 (2d Cir. 1984) (a district court has "the power and the obligation to protect the public and the efficient administration of justice from [a vexatious litigant's] litigious propensities"); Safir v. U.S. Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986) ("'A district court not only may but should protect its ability to carry out its constitutional functions against the threat of onerous, multiplicitous, and baseless litigation.'") (quoting Abdullah v. Gatto, 773 F.2d 487, 488 (2d Cir. 1985) (per curiam)).

## CONCLUSION

For the reasons set forth above, plaintiff's application to proceed in forma pauperis is granted and the complaint is sua sponte dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of the Court is directed to enter judgment and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).  The Clerk of the Court is directed to mail a copy of this Memorandum and Order to the pro se plaintiff.

**SO ORDERED.**                                   _____/s/ (JMA)_____
                                                                Joan M. Azrack
Dated:   June 1, 2017                                        United States District Judge
            Central Islip, New York